IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
(Alexandria Division)

| | | |
|---|---|---|
| CLAUDETTE GAMA-SALAZAR<br>1624 Fenwood Avenue<br>Oxon Hill, Maryland 20745<br><br>*Individually and On Behalf of All Other Similarly Situated Individuals*<br><br>PLAINTIFF,<br><br>v.<br><br>THE MEDICAL TEAM, INC.<br>1896 Preston White Drive<br>Reston, Virginia 20191<br><br>SERVE: Leslie Pembrook, Registered Agent<br>1902 Campus Commons Drive, Suite 650<br>Reston, Virginia 23462<br><br>DEFENDANT. | * * * * * * * * * * * * * * * * * * * * | CASE NO. |

**CLASS AND COLLECTIVE ACTION COMPLAINT**

Plaintiff Claudette Gama Salazar ("Plaintiff"), individually and on behalf of all other similarly situated individuals, through undersigned counsel, files her Class and Collective Action Complaint against Defendant The Medical Team, Inc. ("Defendant"), and alleges as follows:

1. This is a Class and Collective Action brought by Plaintiff, individually and on behalf of all similarly situated current and former Personal Care Attendants ("PCAs") who are or were employed by Defendant during the period August 28, 2023, through the date of judgment in this case ("the Class Members" within the "Class Period").

2. Through this Class and Collective Action, Plaintiff, individually and on behalf of all other Class Members, seeks earned and unpaid wages due and owed for compensable work performed during the Class Period, plus statutory liquidated damages, pre- and post-judgment interest, and attorneys' fees and costs under the Fair Labor Standards Act ("FLSA"), the Virginia Overtime Wage Act ("VOWA"), and the Virginia Wage Payment Act ("VWPA").

3. Defendant is a diversified home care company that provides personal care, home health, and related support services to aged, infirm, and disabled clients in their private residences and senior communities.

4. During the Class Period, Defendant employed Plaintiff and Class Members to travel to and provide hands-on personal care at the private homes of its clients.

5. During the Class Period, Defendant knowingly scheduled, directed, or suffered or permitted Plaintiff and other similarly situated PCAs to regularly and customarily work more than forty (40) hours in a workweek providing direct care services to Defendant's clients and traveling between clients' private homes during the workday.

6. During the Class Period, Defendant required Plaintiff and Class Members to use their personal vehicles to travel between clients' homes as an integral and indispensable part of their job duties, and such travel time constitutes compensable "hours worked" under the FLSA and Virginia law.

7. During the Class Period, Defendant failed to reimburse Plaintiff and Class Members for Defendant's use and direct benefit of Plaintiff and Class Members' personal vehicles at a rate that reasonably approximates their actual expenses, resulting in an unlawful kickback to Defendant that improperly reduced Plaintiff and Class Members' wages and overtime premium below the amount required by law.

8. Separately, and in addition to the foregoing, during the Class Period, Defendant failed to pay Plaintiff and Class Members an overtime premium of one and one-half (1.5) times their full "regular" or "blended" hourly rate, calculated to include all forms of non-overtime compensation and all compensable hours actually worked, including inter-client travel time, for weekly compensable hours worked in excess of forty (40).

9. Plaintiff brings her FLSA claim as a Collective Action pursuant to 29 U.S.C. § 216(b) on behalf of herself and all Class Members employed by Defendant during the Class Period in Virginia and in the other states in which Defendant operates, including, but not limited to, Michigan, Louisiana, and Texas.

10. Plaintiff brings her VOWA and VWPA claims as a Class Action pursuant to Federal Rule 23 on behalf of herself and all Class Members Defendant employed during the Class Period within the Commonwealth of Virginia.

## JURISDICTION AND VENUE

11. This Court has Federal Question jurisdiction over Plaintiff's FLSA claim pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b), because that claim arises under the laws of the United States.

12. This Court has supplemental jurisdiction over Plaintiff's VOWA and VWPA claims pursuant to 28 U.S.C. § 1367(a) because those claims are so related to Plaintiff's FLSA claim that they form part of the same case or controversy and arise from a common nucleus of operative fact.

13. This Court has personal jurisdiction over Defendant because Defendant is a Virginia corporation that maintains its principal office and corporate headquarters in Reston, Virginia, and regularly conducts continuous and systematic business within the Commonwealth of Virginia and within Fairfax County, Virginia.

14. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1) because Defendant's principal office is located at 1896 Preston White Drive, Reston, Virginia 20191, within Fairfax County, Virginia.

## PARTIES

15. Plaintiff is an adult domiciliary of the State of Maryland.

16. Throughout the Class Period, Defendant employed Plaintiff as a PCA, or in a substantially similar position, to provide in-home personal care services to Defendant's clients at their private residences within the Commonwealth of Virginia.

17. At all relevant times, Plaintiff qualified as Defendant's "employee" and Defendant qualified as Plaintiff's "employer" under the FLSA, VOWA, and VWPA.

18. Plaintiff's written consent to become a party plaintiff to this action, as required by 29 U.S.C. § 216(b), is attached hereto as Exhibit 1.

19. Defendant is a Virginia corporation.

20. During the Class Period, Defendant has operated from a principal office and corporate headquarters within Fairfax County, Virginia.

21. During the Class Period, Defendant has operated as a privately held, diversified home care and home health company, providing home health, hospice, private duty, and personal care services to aged, infirm, and disabled clients in their private residences and in senior communities.

22. During the Class Period, Defendant employed Plaintiff and Class Members as PCAs to provide home health, hospice, private duty, and personal care services to Defendant's aged, infirm, and disabled clients in their private residences and senior communities in Virginia, Michigan, Louisiana, and Texas.

23. During the Class Period, under the FLSA, Defendant qualified as Plaintiff's and all Class Members' "employer," and Plaintiff and all Class Members qualified as Defendant's "employees."

24. During the Class Period, under the VOWA and VWPA, Defendant qualified as the "employer" of Plaintiff and all Class Members who performed work within the Commonwealth of Virginia, and Plaintiff and all Class Members who performed work within the Commonwealth of Virginia qualified as Defendant's "employees."

25. Each year during the Class Period, Defendant realized annual gross volume of sales made or business done exceeding $500,000 and had employees engaged in commerce or the production of goods for commerce or who handled, sold, or otherwise worked on goods or materials that had been moved in or produced for commerce such that Defendant is an "enterprise engaged in commerce" within the meaning of 29 U.S.C. § 203(s)(1)(A).

## FACTUAL ALLEGATIONS

26. During the Class Period, Defendant provided its clients with personal care and support services, including assistance with activities of daily living such as bathing, dressing, grooming, toileting, mobility, meal preparation, medication reminders, light housekeeping, and companionship in their private homes and senior communities.

27. During the Class Period, Defendant employed Plaintiff and Class Members to travel to and perform these caregiving duties at multiple clients' private residences and senior communities, often at two or more different locations within a single workday and workweek.

28. During the Class Period, Plaintiff and Class Members' providing hands-on personal care in Defendants' clients' private homes and senior communities and traveling between those private homes and senior communities during the workday to do so, are and were principal, integral, and indispensable parts of the job that Defendant employed Plaintiff and Class Members to perform.

29. During the Class Period, during the workday, after Plaintiff and Class Members completed a caregiving visit at one client's home or senior community, Defendant required Plaintiff and Class Members to travel directly to the next client's home or senior community to continue providing services on Defendant's behalf.

30. During the Class Period, Plaintiff and Class Members' travel between clients' homes and senior communities during the workday was undertaken for Defendant's benefit, at Defendant's direction, and was an integral part of the job Defendant hired Plaintiff and Class Members to perform.

31. Under the FLSA's "continuous workday" doctrine and 29 C.F.R. § 785.38, time Plaintiff and Class Members spent during the Class Period traveling between job sites during the workday, as distinguished from ordinary home-to-work commuting, qualified as compensable work hours.

32. During the Class Period, Defendant did not pay Plaintiff or Class Members for all inter-client travel time, or compensated Plaintiff and Class Members for such time at a rate lower than Plaintiff and Class Members' pay rate for direct-care work, without properly incorporating that time and pay into the regular-rate and overtime calculations for payment of overtime wages to Plaintiff and

Class Members for weekly compensable work exceeding forty (40) hours as required by the FLSA and Virginia law.

33. During the Class Period, Defendant required Plaintiff and Class Members to use their personal vehicles to travel between clients' private homes and senior communities while performing their job duties for Defendant's benefit.

34. Federal regulations implementing the FLSA required that during the Class Period, Defendant pay Plaintiff and Class Members their wages "finally and unconditionally" or "free and clear," and prohibited Defendant from shifting the cost of doing business to Plaintiff and Class Members, directly or indirectly, where doing so reduced Plaintiff or Class Members' wages below the statutorily required overtime premium. 29 C.F.R. §§ 531.35, 778.217.

35. During the Class Period, Defendant required Plaintiff and Class Members to use their personal vehicles for work and reimbursed Plaintiff and Class Members for that vehicle use at less than a reasonable approximation of Plaintiff and Class Members' actual expenses. The shortfall between a reasonable approximation of expenses and the amount actually reimbursed functioned as an unlawful "kick-back" of wages to the benefit of Defendant because Defendant received the benefit and value of Plaintiff and Class Members' personal vehicles without fully paying Plaintiff and Class Members for that benefit.

36. The IRS Business Standard Mileage Rate was 65.5 cents per mile in 2023; 67 cents per mile in 2024; 70 cents per mile in 2025; and, in 2026, 72.5 cents per mile from January 1 through June 30 and 76 cents per mile from July 1 forward, and comparable data published annually by AAA regarding the cost of owning and operating an automobile, are each widely accepted, reasonable approximations of the actual costs an employee incurs when using a personal vehicle for an employer's business.

37. During the Class Period, Defendant reimbursed Plaintiff and Class Members for business use of their personal vehicles at a rate materially below both the IRS Business Standard Mileage Rate and comparable AAA cost data, and below a reasonable approximation of Plaintiff and Class Members' actual vehicle expenses.

38. During the Class Period, the difference between (a) a reasonable approximation of Plaintiff and Class Members actual vehicle expenses (as measured by the IRS Business Standard Mileage Rate or comparable AAA data) and (b) the amount Defendant actually reimbursed Plaintiff and Class Members, constitutes an unlawful kickback that, in workweeks in which Plaintiff and Class Members worked overtime, reduced Plaintiff and Class Members' regular rate and resulting overtime premium rate below the amount required by the FLSA and Virginia law.

39. During the Class Period, Defendant scheduled, directed, and had actual knowledge of Plaintiff's and Class Members' daily and weekly work hours.

40. During the Class Period, Plaintiff and Class Members regularly and customarily worked weekly overtime exceeding forty (40) hours.

41. For example, Defendant's payroll records reflect that Plaintiff worked 52.5 hours during the workweek of October 13, 2025-October 19, 2025, and worked 53 hours during the workweek of October 20, 2025-October 26, 2025.

42. During the Class Period, Defendant had actual or constructive knowledge of all weekly compensable work Plaintiff and Class Members worked and regularly and customarily knowingly suffered or permitted Plaintiff and Class Members to work weekly overtime exceeding forty (40) hours.

43. During the Class Period, the FLSA and VOWA required Defendant to pay Plaintiff and Class Members an overtime premium of not less than one and one-half (1.5) times their regular rate of pay for each overtime hour worked exceeding forty (40) in a workweek.

44. During the Class Period, Defendant paid Plaintiff's and Class Members' weekly compensable work, including direct-care time and inter-client travel time, at two or more different rates such that Plaintiff and Class Members' "regular rate" for overtime purposes must be calculated as the weighted average of all such compensation, calculated as the total non-overtime compensation Plaintiff and Class Members received in the workweek, divided by the total number of compensable hours worked in that workweek, in accordance with 29 C.F.R. § 778.115.

45. During the Class Period, Defendant failed to calculate and pay Plaintiff and Class Members' premium wages for weekly overtime exceeding forty (40) hours in accordance with the required weighted-average/"blended-rate" methodology, and failed to include all Plaintiff's and Class Members' compensable hours worked, including inter-client travel time and the full value of the unreimbursed vehicle expenses described above, in Plaintiff's and Class Members' regular-rate calculation, resulting in Defendant systematically underpaying earned overtime premium wages due and owed for all weekly overtime hours worked to Plaintiff and Class Members as required by the FLSA, VOWA, and the VWPA.

46. During the Class Period, as a direct result of Defendant's conduct described above, Defendant paid Plaintiff and Class Members less than the overtime compensation to which they were legally entitled for each week Plaintiff and Class Members worked overtime exceeding forty (40) hours.

47. During the Class Period, Defendant's failure to reimburse vehicle expenses at a reasonable, approximate rate, and Defendant's failure to properly calculate and pay the full overtime premium owed, were not the result of isolated error but reflected a standard, company-wide policy and practice applicable to Plaintiff and all Class Members.

48. Upon information and belief, during the Class Period, Defendant knew of, or acted with reckless disregard as to, the requirements of the FLSA, VOWA, and the VWPA with respect to the pay practices described above, such that Defendant's violations were willful and/or "knowing" within the meaning of 29 U.S.C. § 255(a) and Va. Code § 40.1-29(K), entitling Plaintiff and Class Members to a three-year statute of limitations under the FLSA and to treble (3x) damages under the VWPA.

**COLLECTIVE ACTION ALLEGATIONS (FLSA, 29 U.S.C. § 216(b))**

49. Plaintiff brings her First Cause of Action, for unpaid overtime under the FLSA, as an "Opt-In" Collective Action pursuant to 29 U.S.C. § 216(b), on behalf of herself and all Class Members Defendant employed during the Class Period in Virginia, Louisiana, Michigan, or Texas ("the FLSA Collective").

50. Plaintiff is similarly situated to the members of the FLSA Collective because during the Class Period, Plaintiff and all members of the FLSA Collective: (a) were subject to Defendant's common vehicle-reimbursement policies and practices; (b) were subject to Defendant's common policies and practices for calculating and paying overtime; (c) regularly worked in excess of forty (40) hours per workweek; (d) used personal vehicles to travel between clients' private homes as an integral part of their job duties; and (e) were not paid the full overtime premium required by the FLSA as a result of Defendant's common policies and practices described above.

51. The FLSA Collective consists of Plaintiff and more than forty (40) Class Members who Defendant employed during the Class Period.

52. During the Class Period, Defendant's pay practices, described herein, were applied uniformly to Plaintiff and the members of the FLSA Collective such that resolution of this action will involve common questions of law and fact, including, without limitation: (a) whether Defendant's vehicle-reimbursement rate constituted a reasonable approximation of actual expenses; (b) whether the shortfall in reimbursement operated as an unlawful kickback reducing wages below the required overtime premium; (c) whether inter-client travel time is compensable hours worked; (d) whether Defendant properly calculated the regular rate and overtime premium owed; and (e) whether Defendant's violations were willful.

**RULE 23 CLASS ACTION ALLEGATIONS (VOWA AND VWPA)**

53. Plaintiff brings her Second and Third Causes of Action, for unpaid wages under VOWA and the VWPA, respectively, as a Class Action pursuant to Federal Rule of Civil Procedure 23(a) and 23(b)(3), on behalf of herself and all Class Members Defendant employed during the Class Period within the Commonwealth of Virginia ("the Virginia Class").

54. During the Class Period, Plaintiff and all members of the Virginia Class: (a) were subject to Defendant's common vehicle-reimbursement policies and practices; (b) were subject to Defendant's common policies and practices for calculating and paying overtime; (c) regularly worked in excess of forty (40) hours per workweek; (d) used personal vehicles to travel between clients' private homes as an integral part of their job duties; and (e) were not paid the

full overtime premium required by the VOWA as a result of Defendant's common policies and practices described above.

55. During the Class Period, Defendant's pay practices, described herein, were applied uniformly to Plaintiff and the members of the Virginia Class such that resolution of this action will involve common questions of law and fact, including, without limitation: (a) whether Defendant's vehicle-reimbursement rate constituted a reasonable approximation of actual expenses; (b) whether the shortfall in reimbursement operated as an unlawful kickback reducing wages below the required overtime premium; (c) whether inter-client travel time is compensable hours worked; (d) whether Defendant properly calculated the regular rate and overtime premium owed; and (e) whether Defendant's violations were knowing.

56. The Virginia Class consists of more than forty (40) members, such that joinder of all members is impracticable.

57. Plaintiff's claims are typical of the claims of the members of the Virginia Class because during the Class Period, Plaintiff and the members of the Virginia Class were each subject to Defendant's same pay practices and sustained the same type of injury arising from Defendant's common course of unlawful conduct.

58. Plaintiff can and will fairly and adequately protect the interests of all members of the Virginia Class.

59. In this case, Plaintiff's interests are aligned with, and not antagonistic to, the interests of the other members of the Virginia Class.

60. Plaintiff has retained counsel experienced in prosecuting wage-and-hour class and collective litigation.

61. In this case, questions of law and fact common to the Virginia Class predominate over any questions affecting only individual members, and a Class Action is superior to other available methods for the fair and efficient adjudication of this controversy, given, among other things, the relatively modest size of each member of the Virginia Class's claim and the efficiency of resolving Defendant's common pay practices in a single proceeding.

## CAUSES OF ACTION

### COUNT I
### FLSA - Failure to Pay Overtime Wages
### On Behalf of Plaintiff and the FLSA Collective

62. Plaintiff realleges and incorporates by reference each of the foregoing paragraphs as if fully set forth herein.

63. During the Class Period, the FLSA required Defendant to pay Plaintiff and the members of the FLSA Collective overtime premium compensation of not less than one and one-half times their regular rate of pay for all weekly compensable hours worked exceeding forty (40).

64. During the Class Period, Defendant knowingly scheduled, directed, or suffered or permitted Plaintiff and the members of the FLSA Collective to work and continue to work weekly overtime exceeding forty (40) hours.

65. During the Class Period, Defendant failed to pay Plaintiff and the members of the FLSA Collective their full overtime premium required by 29 U.S.C. § 207(a)(1) by (a) failing to reimburse Plaintiff and the members of the FLSA Collective for their business use of their personal vehicles at a rate that reasonably approximates their actual expenses, resulting in an unlawful kickback that reduced their regular rate and overtime premium; and (b) failing to properly calculate and pay overtime at one and one-half times Plaintiff's and the members of the FLSA Collective's full "blended" regular rate, inclusive of all compensable hours worked, including inter-client travel time.

66. During the Class Period, Defendant's failure to pay overtime wages due and owed to Plaintiff and the members of the FLSA Collective was not the product of good faith.

67. During the Class Period, Defendant's failure to pay overtime wages due and owed to Plaintiff and the members of the FLSA Collective was willful or, at the very least, reckless.

68. During the Class Period, Defendant's violations of overtime wage payment rights belonging to Plaintiff and the members of the FLSA Collective caused Plaintiff and members of the FLSA Collective to suffer damages in the form of earned and unpaid overtime wages, in an amount to be determined at trial.

69. Defendant is liable under the FLSA to Plaintiff and the members of the FLSA Collective in the amount of their earned and unpaid overtime wages, an equal amount as liquidated damages, pre- and post-judgment interest, and attorneys' fees and costs.

**COUNT II**
**VOWA - Failure to Pay Overtime Wages**
**On Behalf of Plaintiff and the Virginia Class**

70. Plaintiff realleges and incorporates by reference each of the foregoing paragraphs as if fully set forth herein.

71. During the Class Period, VOWA required Defendant to pay Plaintiff and the members of the Virginia Class overtime premium compensation of not less than one and one-half times their regular rate of pay for all weekly compensable hours worked exceeding forty (40), calculated in accordance with the FLSA's regular-rate methodology.

72. During the Class Period, Defendant knowingly scheduled, directed, or suffered or permitted Plaintiff and the members of the Virginia Class to work and continue to work weekly overtime exceeding forty (40) hours within the Commonwealth of Virginia.

73. During the Class Period, Defendant failed to pay Plaintiff and the members of the Virginia Class their full overtime premium required by VOWA by (a) failing to reimburse Plaintiff and the members of the Virginia Class for their business use of their personal vehicles at a rate that reasonably approximates their actual expenses, resulting in an unlawful kickback that reduced their regular rate and overtime premium; and (b) failing to properly calculate and pay overtime at one and one-half times Plaintiff's and the members of the Virginia Class's full "blended" regular rate, inclusive of all compensable hours worked, including inter-client travel time.

74. During the Class Period, Defendant's failure to pay Plaintiff and the members of the Virginia Class the overtime premium required by VOWA was knowing within the meaning of Va. Code § 40.1-29(K).

75. Pursuant to Va. Code § 40.1-29(K), Defendant is liable to Plaintiff and the members of the Virginia Class in the amount of their earned and unpaid overtime wages, an additional equal amount as liquidated damages or, alternatively, treble (3x) damages for Defendant's knowing violations, pre- and post-judgment interest, and attorneys' fees and costs.

## COUNT III
## VWPA Wage Payment Violation
## On Behalf of Plaintiff and the Virginia Class

76. Plaintiff realleges and incorporates by reference each of the foregoing paragraphs as if fully set forth herein.

77. During the Class Period, the VWPA required Defendant to pay Plaintiff and the members of the Virginia Class all wages due and owed to them, including earned overtime premium wages, on their regular pay dates established by Defendant.

78. During the Class Period, Defendant failed to pay Plaintiff and the members of the Virginia Class all wages due, including earned but unpaid overtime premium wages resulting from Defendant's unlawful vehicle-reimbursement kickback and its failure to fully and properly calculate and pay "blended regular" rate overtime premium wages due and owed to Plaintiff and the members of the Virginia Class each pay period.

79. Defendant's failure to pay wages due and owed to Plaintiff and the members of the Virginia Class was knowing within the meaning of Va. Code § 40.1-29(K).

80. Pursuant to Va. Code § 40.1-29(K), Defendant is liable to Plaintiff and the members of the Virginia Class in the amount of their earned and unpaid wages, an additional equal amount as liquidated damages or, alternatively, treble (3x) damages for Defendant's knowing violations, pre- and post-judgment interest, and attorneys' fees and costs.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, individually and on behalf of the FLSA Collective and the Virginia Class, respectfully requests that this Court enter judgment against Defendant as follows:

A. Designating this action as a Collective Action on behalf of Plaintiff and the FLSA Collective and authorizing notice to all members of the FLSA Collective pursuant to 29 U.S.C. § 216(b);

B. Certifying this case as a Class Action on behalf of Plaintiff and the members of the Virginia Class pursuant to Federal Rule 23;

C. Declaring that Defendant's pay practices, as alleged herein, violate the FLSA, VOWA, and the VWPA;

D. Awarding Plaintiff and the members of the FLSA Collective their earned and unpaid overtime wages and an equal amount in liquidated damages pursuant to 29 U.S.C. § 216(b);

E. Awarding Plaintiff and the members of the Virginia Class their earned and unpaid overtime and other unpaid wages, liquidated and/or treble damages, and prejudgment interest pursuant to Va. Code § 40.1-29(K);

F. Awarding Plaintiff and Class Members their attorneys' fees, costs, and expenses incurred in this action in an amount to be determined by post-judgment petition;

G. Awarding pre-judgment and post-judgment interest as allowed by law and in an amount determined by post-judgment petition; and

H. Granting such other and further relief as the Court deems just and proper.

Dated: August 28, 2026

Respectfully submitted,

__/s/_Gregg C. Greenberg_________
Gregg C. Greenberg, Bar No. 79610
Zipin, Amster & Greenberg, LLC
8757 Georgia Avenue, Suite 400
Silver Spring, Maryland 20910
Phone: (301) 587-9373
Email: GGreenberg@ZagFirm.Com

*Counsel for Plaintiff and Class Members*